**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NARANTUYA ANAND, individually | ) | |
| and on behalf of other similarly situated | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| LEXINGTON LAW LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

1.     Plaintiff Narantuya Anand (hereinafter "Plaintiff" or "Anand"), on behalf of herself and all other similarly situated individuals, files this Complaint against Defendant Lexington Law LLC (hereinafter "Defendant") for monetary damages and injunctive relief as a result of unsolicited telemarketing calls placed to her cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 277, *et seq*. and its implementing regulations at 47 C.F.R. § 64.1200, *et seq*.

### *Parties and Jurisdiction*

2.     At all times relevant, Plaintiff was a natural person and a citizen of the State of Illinois, residing in this district.

3.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) and 815 ILCS § 505/1(c).

4.     Plaintiff is a "subscriber" as defined by 815 ILCS § 305/5(e).

5.     Defendant is a Utah Limited Liability Company with a registered address of 360 N. Cutler Drive, North Salt Lake Utah, 84054, that holds itself out as a 'leader in credit repair.'

6.     Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

7.     Supplemental jurisdiction exists over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because they are related to Plaintiff's TCPA claims as they arise from same facts and circumstances.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because Defendant transacts business in this district.

### Brief Overview of the Telephone Consumer Protection Act

9.     The Telephone Consumer Protection Act was enacted to prevent companies like Defendant from invading American citizens' privacy and to prevent abusive robo-calls.

10.    To that end, the TCPA was designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

11.    According to the Federal Communications Commission ("FCC"), [u]nwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014.

### Factual Allegations Specific to Plaintiff

12.    Between July 16, 2017 and July 20, 2017, Defendant sent or caused to be sent unwanted telemarketing text messages and placed or caused to be placed telemarketing calls to Plaintiff's wireless telephone number.

2

13.     Upon information and belief Defendant and/or its agents placed calls and unwanted telemarketing messages using an automatic telephone dialing system, as that term is defined by 47 U.S.C. § 227(a)(1).

14.     Upon information and belief Defendant and/or its agents placed the calls using an autodialer or autodialer system, as that term are defined by 815 ILCS § 305/5(a).

15.     The voicemail messages Plaintiff received start with a long pause prior to beginning the recording, indicative of an automatic telephone dialing system.

16.     By way of example, on July 16, 2017, Defendant and/or its agents left a pre-recorded voice message from "**306-994-1755**" on Anand's cellular telephone voicemail.

17.     Later that day, Plaintiff was sent a telemarketing text message from the same telephone number stating "**HomeHelp: I tried to call you, I wanted to talk about your credit repair options. What's a better time for me to reach you? To end now, reply NO**."

18.     On July 17, 2017, Defendant and/or its agents placed another automated call to Anand's cellular telephone from the same number "**306-994-1755**".

19.     Subsequent unsolicited telemarketing text messages were sent to Plaintiff's cellular telephone by Defendant and/or its agents from the same phone number each day stating as follows: **"Here at Lexington Law, we can work with credit bureaus to dispute inaccurate report items! To speak to a consultant, call now!"**; **"Is there a better time for you to talk? Lexington Law has credit consultants available now and able to help with the credit goals you have in mind."**; **"Here at Lexington Law, we can work with credit bureaus to dispute inaccurate report items! To speak to a consultant, call now!"**.

20.     Plaintiff never provided prior express consent to Defendant to receive automated calls, prerecorded messages or text messages from Defendant on her cellular telephone.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c), ("TCPA")

21.     Plaintiff hereby incorporates by reference paragraphs 1-20 as if set forth fully in this Count.

22.     Plaintiff brings this action on behalf of a class under Federal Rule of Civil Procedure 23(a) and 23(b)(2) and (3) consisting of:

      a.  All persons in the United States;

      b.  To whose cellular telephones Defendant and/or its agent placed telemarketing calls and/or sent telemarketing messages;

      c.  In the four years prior to the date of filing of this Complaint;

      d.  Using an automatic telephone dialing system and/or an artificial or pre-recorded voice;

      e.  Wherein the individual cellular telephone account holder contacted never provided the Defendant with permission to call and/or send text messages to their cellular telephone.

23.     The prerequisites under Federal Rule of Civil Procedure 23(a) are satisfied.

24.     Upon information and belief, the class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). The actual number of class members is in the exclusive control of Defendant.

25.     The identity of the class members is ascertainable through records maintained by Defendant and/or its agents.

26.     There are questions of law and fact common to Plaintiff and the proposed class pursuant to Fed. R. Civ. P. 23(a)(2), including but not limited to the following:

      a.  Whether Defendant violated the TCPA by placing calls using an ATDS;

b. Whether Defendant violated the TCPA by placing calls using a pre-recorded and/or autodialed voice;

c. Whether Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's actions.

27. Plaintiff is an adequate representative of the class because her interests do not conflict with those of the class, she will fairly and adequately protect the interest of the class, and she is represented by counsel skilled and experienced in class actions. Fed. R. Civ. P. 23(a)(4).

28. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

29. Additionally, the Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive, individual basis.

30. Defendant has acted on grounds that apply generally to the class, namely the placement of calls using an ATDS and/or an artificial or pre-recorded voice, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Fed. R. Civ. P. 23(b)(2).

31. At all times mentioned herein and within the four years prior to the filing of this Complaint, Defendant and/or its agents placed calls to Anand and the Class members on their cellular telephone using an ATDS and/or artificial or pre-recorded voice.

32. Defendant and/or its agents contacted Plaintiff and the Class members by means of telephone calls and text messages placed to their cellular phone without consent.

33.     The calls and text messages from Defendant to Plaintiff and the Class members were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

34.     As a result of each call made in negligent violation of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each call pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 C.F.R. § 64.1200(a)(1)(ii).

35.     The TCPA expressly authorizes injunctive relief to prevent future violations of the Act. 47 U.S.C. § 227(c)(3)(A).

36.     Accordingly, Anand additionally requests this Court, on behalf of the Class, for injunctive relief and to order Defendant to immediately cease engaging in the placement of phone calls in violation of the TCPA.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendant Lexington Law LLC, and for the following relief:

(A)     Certification of the class action with Plaintiff as Class representative under Rule 23 of the Federal Rules of Civil Procedure and undersigned counsel as Class counsel, and designating this Complaint the operable complaint for Class purposes;

(B)     An order enjoining Defendant and/or its agent from engaging in future communications in violation of the TCPA;

(C)     Entering judgment that Defendant Lexington Law LLC violated 47 U.S.C. 227(b)(3);

(D)     Awarding Plaintiff and the Class members statutory damages in an amount of $500.00 per phone call in violation of the TCPA, an amount to be determined at trial;

(E)     Awarding treble damages for each violation determined to be willful and/or knowing under the TCPA, to be determined at trial;

(F)     Any other relief the Court deems just and appropriate.

## COUNT II: CLASS ACTION FOR
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT ON BEHALF OF
## PLAINTIFF AND A CLASS OF SIMILARLY-SITUATED PERSONS

37.     Plaintiff incorporates the preceding paragraphs 1-20 into this count.

38.     Plaintiff Anand brings this action on behalf of a Class under the Federal Rules of

Civil Procedure 23(a) and 23(b)(2) and (3), and proposes a Sub-Class of the Class previously

defined in Count I of this Complaint as a Sub-Class of Illinois residents, for a period of 3 years

prior to the filing of this complaint.

39.     Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act,

815 ILCS § 505/2, ("ICFA"), prohibits, *inter alia*, deceptive and unfair conduct, including but

not limited to, false representations, false statements and omissions. Section 2 provides that:

> **Unfair methods of competition and unfair or deceptive acts or practices,
> including but not limited to the use or employment of any deception fraud,
> false pretense, false promise, misrepresentation or the concealment,
> suppression or omission of any material fact, with intent that others rely
> upon the concealment, suppression or omission of such material fact**, or the
> use or employment of any practice described in Section 2 of the "Uniform
> Deceptive Trade Practices Act", approved August 5, 1965 [815 ILCS 510/2], in
> the conduct of any trade or commerce are hereby declared unlawful whether any
> person has in fact been misled, deceived or damaged thereby. In construing this
> section consideration shall be given to the interpretations of the Federal Trade
> Commission and the federal courts relating to Section 5 (a) of the Federal Trade
> Commission Act [15 U.S.C. § 45]. (Emphasis added).

40.     Under the ICFA, an unfair act or practice is one that (a) offends public policy; (b)

is immoral, unethical, oppressive or unscrupulous; or (c) causes substantial injury to consumers.

41.     Defendant engaged in a pattern and practice of repetitively placing calls and

sending text messages to cellular telephones without prior express consent.

42.     Such conduct is immoral, oppressive and unscrupulous, and violates Illinois

public policy, because repetitively placing calls and sending text messages in an attempt to

7

contact individuals without first obtaining their consent circumvents their privacy rights and intrudes upon their seclusion.

43. By way of example, Defendant's conduct is unfair, unethical, oppressive and unscrupulous, and violates Illinois public policy, in that said conduct is prohibited by the Telephone Consumer Protection Act and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305 et seq. and 815 ILCS 305/30(b).

44. Additionally, it is a violation of the Illinois Automatic Telephone Dialers Act, 815 ILCS 305/30 to play a prerecorded message placed by an autodialer without the consent of the called party.

45. Defendant's misconduct occurred during the course of Illinois trade and commerce.

WHEREFORE, Ms. Anand respectfully requests that the Court enter judgment in favor of herself and a class of similarly-situated Illinois residents and against Defendants and award damages as follows:

a) Actual damages in an amount to be proven at trial;

b) Punitive damages pursuant to 815 ILCS § 505/10a;

c) Attorney's fees, expenses, and costs incurred;

d) Any other relief this Court deems just and proper.

**COUNT III: CLASS ACTION FOR
VIOLATIONS OF THE ILLINOIS AUTOMATIC TELEPHONE DIALERS ACT
ON BEHALF OF PLAINTIFF ANAND AND A CLASS OF SIMILARLY- SITUATED
PERSONS**

46. Plaintiff Anand incorporates the preceding paragraphs 1-20 into this count.

47.     Plaintiff Anand brings this action on behalf of a class under Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (3), and proposes the same class as defined in Count II of this complaint.

48.     Defendant violated the provisions of the Illinois Automatic Telephone Dialers Act by making calls as set forth above and as a result the Plaintiff and the members of the class have been damaged and are entitled to recovery of statutory damages in the amount of $500 per violation.

WHEREFORE, Ms. Anand respectfully requests that the Court enter judgment in favor of herself and a class of similarly-situated Illinois residents and against Defendants and award damages as follows:

a)  Actual and Statutory damages in the amount of $500 per violation;

b)  Attorney's fees, expenses, and costs incurred;

c)  Any other relief this Court deems just and proper.


**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

**DOCUMENT PRESERVATION DEMAND**

Plaintiffs hereby demand that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant requests

9

that such third party also take steps to preserve the materials. This demand shall not narrow the

scope of any independent document preservation duties of Defendant.

Respectfully submitted,


By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys

Lance A. Raphael
Craig R. Frisch
**Consumer Advocacy Center, P.C.**
180 West Washington Street, Suite 700
Chicago, IL 60602
(312) 782-5808

Christopher D. Kruger
Werner W. Gruber
**Kruger & Gruber, LLP**
500 N. Michigan Avenue, Suite 600
Chicago, Illinois 60611
(708) 420-2100

Richard J. Meier
**Meier, LLC**
401 N. Michigan Avenue, Suite 1200
Chicago, IL, 60611
(312) 242-1849

*(Attorneys for Plaintiff)*