UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NARANTUYA ANAND,<br><br>    Plaintiff,<br><br>v.<br><br>LEXINGTON LAW LLC,<br><br>    Defendant. | No. 17 C 7085<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Narantuya Anand has filed a motion for leave to amend her complaint alleging that Lexginton Law LLC called her and putative class members in violation of the Telephone Consumer Protection Act. Anand seeks to amend her complaint to add defendants she contends are corporately related to Lexington. Adding these parties as defendants will also potentially increase the size of the putative class because the new corporate entities may have made phone calls with which Lexington was not involved.

Anand argues that her motion is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that "[t]he court should freely give leave [to amend] when justice so requires." But as Lexington points out, Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause." The Seventh Circuit has held that Rule 16's good cause standard applies to a motion to amend when a court has set a deadline for amendments. *See Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016).

Here, the parties agreed that May 18, 2018 would be the deadline for amending the complaint. *See* R. 21 at 2-3. Although the Court did not include this date in the subsequent minute order, the Court acknowledged the date on the record at the status hearing on March 14, 2018.

Even if the parties had not agreed on a deadline for amended pleadings, Anand's motion must satisfy Rule 16 because it requires a reopening of discovery, which was ordered closed on July 17, 2018. R. 23. The Seventh Circuit has affirmed a district court's application of Rule 16's good cause standard in a case where the district court set deadlines for discovery and dispositive motions—but not for motions to amend—and denied a motion for leave to amend filed a month after discovery closed. *See Edmonson v. Desmond*, 551 Fed. App'x 280, 282 (7th Cir. 2014) ("Moreover, the deadline for discovery and dispositive motions had also passed. Therefore, the district court correctly determined that Edmonson first had to show good cause to modify the scheduling order before the general standard of Rule 15(a)(2) could apply."); *see also Smith v. Honeywell Int'l, Inc.*, 2014 WL 301031, at *5 (D.N.J. Jan. 27, 2014) ("Where a scheduling order sets no amendment deadline, courts have looked to when discovery closed to determine whether the motion to amend is untimely under Rule 16. Rule 16(b) applies to a motion to amend even when there is no scheduling order deadline, if any possibility to amend the pleadings would expire when discovery closed."); *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, 2012 WL 2458060, at *5 (E.D.N.Y. June 27, 2012) ("Rule 16 will apply, even absent a specific deadline in a scheduling order, where the

2

record contains some indication that the court and the parties understood that the pleadings would not be further amended.").

"In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Peters v. Wal-Mart Stores E., LP*, 512 Fed. App'x 622, 627-28 (7th Cir. 2013) ("[T]he good-cause standard focuses on the diligence of the party seeking amendment, not the prejudice to the nonmoving party."). Discovery closed on July 17, 2018, after two extensions. Anand did not file this motion until October 1, 2018.

Despite this delay, Anand argues that she immediately sought to amend when she learned that the proposed defendants were not mere "independent contractors"—as Anand contends Lexington described them in its discovery responses, R. 35 at 2—but were in fact corporate entities so closely related to Lexington that defense counsel described them as "essentially the same company" at a settlement conference in September 2018, R. 39 at 2.[1] Anand argues that its delay in seeking amendment should be excused because Lexington "purposeful[ly] conceal[ed] [these] material facts." R. 39 at 1.

The problem with this argument is that Anand concedes that this information about the corporate relationship between Lexington and the proposed defendants is publicly available on the website belonging to one of the proposed defendants. R. 35

---

[1] It is arguable whether Anand can use such a statement as justification to amend. *See* Fed. R. Evid. 408.

3

at 2. Moreover, Anand does not dispute that Lexington disclosed the relevance of these entities in discovery responses in January and February 2018. Anand argues that theses disclosures were misleadingly incomplete because Lexington did not disclose the full corporate relationships between it and the proposed defendants. But Anand does not contend that she ever asked for this information specifically. For these reasons, Anand has not demonstrated good cause for leave to amend.

In any event, even if the Court were to hold Anand to Rule 15's lower standard, the Court would deny her motion. "District courts . . . have broad discretion to deny leave to amend [under Rule 15] where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Right Field Rooftops, LLC v. Chicago Cubs Baseball Club, LLC*, 870 F.3d 682, 693 (7th Cir. 2017). The Court has already explained how Anand's delay in seeking to amend was undue, but generally, "[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014)

Here, Anand's delay prejudiced Lexington. Permitting amendment to add the proposed defendants would significantly delay judgment on the claims already at issue. Discovery is closed and this case is ripe for summary judgment. Adding the proposed defendants would likely mean several additional months of discovery. The Seventh Circuit regularly affirms district court denials of motions to amend in similar, or even less egregious, circumstances. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (affirming denial of leave to amend brought three days

4

before the close of discovery); *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (affirming the denial of leave to amend a pleading as unduly prejudicial where the motion was made "well after the close of discovery"); *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773-74 (7th Cir. 1995) (16 days after close of discovery); *see also McCoy*, 760 F.3d at 687 (affirming denial of motion for leave to amend at the pleading stage when the case had already proceeded for 24 months); *Bowden v. Kirkland & Ellis LLP*, 432 Fed. App'x 596, 600 (7th Cir. 2011) (in the context of applying Rule 16, "the [district] court reasonably concluded that adding new defendants would unduly delay disposition of the case by triggering another round of discovery or flurry of motions").

Anand argues that the potential additional discovery would be about the proposed defendants, and so would not prejudice Lexington. But the proposed defendants would likely want to re-depose Lexington's witnesses, and Lexington would need to participate in the discovery from the new defendants. It would be unjust to subject Lexington to this delay and additional cost.

Moreover, Anand has not demonstrated that she will be unduly prejudiced by a denial of her motion for leave to amend. She has not argued that the addition of the proposed defendants or the discovery from these defendants is necessary to pursue her claims against Lexington. Neither has she argued that she cannot bring a separate action against the proposed defendants, likely because a TCPA action has a four-year statute of limitations. *See Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 561 (7th Cir. 2011).

## Conclusion

For the foregoing reasons, Anand's motion for leave to amend, R. 35, is denied.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: November 19, 2018